# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 24-0688V

MARK COUNTS,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: May 28, 2025

*Daniel Alholm, Alholm Law PC, Chicago, IL,* for Petitioner.

*Mary Novakovic, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

       On April 30, 2024, Mark Counts filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration following a Tdap vaccination he received on July 17, 2023. Petition, ECF No. 1. On February 28, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 24.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,402.10 (representing $19,286.00 in fees plus $1,116.10 in costs). Application for Fees and Costs ("Motion") filed February 28, 2025, ECF No. 29. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 29-4.

Respondent reacted to the motion on March 14, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-4, ECF No. 32. Petitioner indicated thereafter that he does not intend to file a substantive reply. ECF No. 33.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with prior determinations and will therefore be adopted. Petitioner has also requested the hourly rates of $500.00 for 2025 work performed by his attorney Daniel Alholm, representing a rate increase of $25 from the previous year; the hourly rate of $165.00 for paralegal work performed by Mr. Alholm in the 2022-25 timeframe; and the hourly rate of $170.00 for paralegal work performed by Ms. Grace Cottingham in 2024. I find the proposed rates to be reasonable and hereby adopt them.

However, a few of the tasks performed by Attorney Alholm in this matter are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries are reasonable, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $625.00.**[4]

---

[3] Entries considered paralegal in nature include drafting and filing basic documents such as an exhibit list, civil cover sheet, certificate of service, PAR Questionnaire, notice of filing exhibit list, statement of completion, cover sheet, joint notices not to seek review, and filing medical records. See billing entries dated: 4/30/24 (two entries); 5/18/24; 5/19/24; 2/28/25 (two entries). *Id.* ECF No. 29-2.

[4] This amount consists of ($475.00 - $165.00 = $310.00 x 1.80 hrs.) + ($500.00 - $165.00 = $335.00 x 0.20 hrs.) = $625.00.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 29-3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$19,777.10 (representing $18,661.00 in fees plus $1,116.10 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.